[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10462
Non-Argument Calendar

_____

D.C. Docket No. 0:18-cv-62488-RAR

MARGUERITE T. MARTIN,

Plaintiff-Appellant,

versus

TELEPERFORMANCE INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 23, 2021)

Before JORDAN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

TPUSA hired Marguerite Martin to work in its call center as a customer service representative. But just four months later, it fired her. Martin sued, claiming that the company unlawfully discriminated against her because of a disability—anemia. The district court disagreed, and granted summary judgment in favor of TPUSA. We affirm.

## I.

We review de novo a district court's grant of summary judgment, "viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in their favor." *Crane v. Lifemark Hosps., Inc.*, 898 F.3d 1130, 1133–34 (11th Cir. 2018). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* at 1134 (quoting Fed. R. Civ. P. 56(a)).

## II.

To make a prima facie showing of disability discrimination, a plaintiff must establish "that, at the time of the adverse employment action, she had a disability, she was a qualified individual, and she was subjected to unlawful discrimination because of her disability." *U.S. Equal Emp. Opportunity Comm'n v. St. Joseph's Hosp., Inc.*, 842 F.3d 1333, 1343 (11th Cir. 2016). The Americans with Disabilities Act defines "disability" in three ways. An individual is disabled if she

2

(1) has a physical or mental impairment that substantially limits one or more of her major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(1).

Martin has not shown that she qualifies as disabled within the meaning of the Act. First, she has not established that her impairment—anemia— substantially limits any major life activity. *Id.* § 12102(1)(A).[1] Although this is not a "demanding standard," 29 C.F.R. § 1630.2(j)(1)(i), Martin has "failed to argue or present evidence" that her anemia "substantially limited" any major life activities, *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1327 (11th Cir. 1998). She simply points to 2017 bloodwork indicating that she has anemia, and asserts that she could "become impaired when the weather gets a little too cold" and "anything can happen." But she never points to any major life activity that is impaired by her anemia. In fact, her own testimony confirms that her impairment did not impact her work "in any way." So Martin has not produced "evidence sufficient to raise a genuine issue of fact that she is actually disabled." *Lewis v. City of Union City*, 934 F.3d 1169, 1181 (11th Cir. 2019). And because Martin has not established that her impairment substantially limits a major life activity,

---

[1] Those activities include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working," as well as "the operation of a major bodily function." 42 U.S.C. § 12102(2).

3

she necessarily has not shown a record of such an impairment. *See Hilburn v. Murata Electronics N. Am., Inc.*, 181 F.3d 1220, 1229 (11th Cir. 1999).

Nor has Martin established that she was regarded as disabled. Under the Act, a person is "regarded as" disabled if she establishes that she was subjected to a prohibited act because of an "actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A). But nothing in the record indicates that TPUSA regarded Martin as disabled. During Martin's onboarding process, for example, she stated that she did not have a mental or physical disability. She also stated that she never provided TPUSA with any documents indicating that she was anemic, and that she never told any of her managers that she was anemic. Nor did she ever request a disability accommodation from TPUSA's human resources department. And finally, Martin confirmed that she did not inform her supervisor of her anemia until after he told her that she was being fired. Martin has therefore failed to establish a "disability" within the meaning of the Act.

Finally, Martin fleetingly asks that we consider a separate privacy claim. We will not. Her amended complaint consists of a one-count discriminatory termination claim under the Act. Martin did not "clearly present" her privacy issue to the district court in a way that afforded it "an opportunity to recognize and rule on it." *Ruckh v. Salus Rehab., LLC*, 963 F.3d 1089, 1111 (11th Cir.

2020) (quotation omitted).  And in any event, a "passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it."  *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012).

**AFFIRMED.**